Filed 4/25/25  P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE FRANCISCO RAMIREZ,<br><br>    Defendant and Appellant. | B336525<br>(Los Angeles County<br> Super. Ct. No. TA148786) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Remanded in part and Affirmed in part.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

**INTRODUCTION**

In 2021, defendant and appellant Jose Francisco Ramirez pled no contest to attempted murder and admitted to personally using a firearm in the commission of the crime. In 2022, Ramirez filed a petition for resentencing under Penal Code section 1172.6.[1] The trial court ultimately denied the petition for failing to establish a prima facie showing. On appeal, Ramirez challenges the trial court's order and requests a correction in the abstract of judgment to properly reflect his plea. The Attorney General agrees with the correction but disputes Ramirez made a prima facie showing under section 1172.6. We affirm the trial court's order but remand the matter to the trial court to permit Ramirez to amend his petition.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

I.   *Plea*

On August 25, 2020, the Los Angeles County District Attorney's Office filed an information charging Ramirez and his two codefendants (Isaiah Horton and Rosalynn Rollins) with kidnapping during the commission of carjacking (§ 209.5, subd. (a), count 1), kidnapping to commit another crime (§ 209, subd. (b)(1), count 2), and carjacking (§ 215, subd. (a), count 3). As to counts 1 through 3, it was further alleged a principal was armed with a firearm in the commission of those offenses (§ 12022, subd. (a)(1)). In the same information, Ramirez was also charged with attempted willful, deliberate, and premeditated attempted murder (§§ 664/187, subd. (a), count

---

[1]   All further statutory references are to the Penal Code unless otherwise stated.

[2]   We granted Ramirez's motion to augment the record to include the preliminary hearing transcript.

2

5) and aggravated mayhem (§ 205, count 6).[3]  As to counts 1, 2, 3, 5, and 6, it was further alleged Ramirez personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) and personally and intentionally discharged a firearm which caused great bodily injury to the victim (§ 12022.53, subds. (b), (c), (d)).

In July 2021, pursuant to a plea agreement, Ramirez pled no contest to attempted murder (§§ 664/187, subd. (a), count 5) and admitted to personally using a firearm in the commission of the crime (§ 12022.53, subd. (b)).  The parties stipulated to a factual basis for the plea based on the police reports and the preliminary hearing transcript.  In exchange, Ramirez was sentenced to 19 years in state prison and the trial court dismissed the remaining counts and allegations.  Both codefendants pled no contest to carjacking.

## II.    *Petition for Resentencing*

In June 2022, Ramirez filed a petition for resentencing (§ 1172.6).  On a preprinted form, Ramirez checked the boxes that (1) the information filed against him allowed the prosecution to proceed with attempted murder under the natural and probable consequences doctrine, (2) he was convicted of attempted murder, and (3) he could not be presently convicted of attempted murder because of the changes in the law.  He further alleged that he presented a facially sufficient petition and requested appointment of counsel.  The trial court appointed him counsel.

The People filed a response, arguing that Ramirez was not entitled to relief because he was the actual shooter and was not convicted under the natural and probable consequences doctrine.  The People further argued Ramirez was the direct perpetrator because he was the only defendant who

---

[3]    The information did not include a count 4.

3

was charged with, and entered a plea to, attempted murder with the personal use of a firearm. Ramirez's codefendants were not charged with attempted murder and both had entered pleas to carjacking. In contesting his prima facie showing, the People relied on the minute orders reflecting Ramirez's and his codefendants' pleas. In reply, Ramirez asserted he had met the prima facie burden and was entitled to an evidentiary hearing. Ramirez did not offer any factual counterweight. The trial court found Ramirez made a prima facie showing and set an evidentiary hearing.

In October 2023, the People filed a motion for reconsideration, arguing Ramirez is ineligible for relief as a matter of law because at the time of his plea, the natural and probable consequences doctrine was an invalid theory of liability for attempted murder. The People noted that Senate Bill No. 1437, effective on January 1, 2019, amended the Penal Code and eliminated the natural and probable consequences doctrine as it relates to murder. The People further noted that despite Senate Bill No. 775 adding attempted murder to the list of crimes eligible for potential resentencing, effective January 1, 2022, the bill did not amend the murder statutes. In support, the People again attached the minute order of Ramirez's plea. No opposition was filed by Ramirez.

In January 2024, the trial court denied the petition for resentencing, finding Ramirez did not establish a prima facie showing "based upon these facts that I'm able to look at without making an independent factual determination."

Ramirez timely appealed.

4

**DISCUSSION**

On appeal, Ramirez contends the trial court erred in denying his petition for resentencing because his record of conviction, specifically the date of his plea, did not establish he was ineligible for relief as a matter of law. We agree.

Senate Bill No. 1437 eliminated the natural and probable consequences doctrine in cases of murder by amending the Penal Code. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) The bill also enacted the procedure by which eligible defendants may petition for relief under the amended law. After Senate Bill No. 1437 took effect on January 1, 2019, however, disagreement emerged among appellate courts as to whether the bill's amendments to the Penal Code applied to offenses other than murder, such as attempted murder. (See *People v. Gallegos* (2024) 105 Cal.App.5th 434 [noting split in authority].) The Legislature resolved the dispute by enacting Senate Bill No. 775, which took effect on January 1, 2022, "to make clear the natural and probable consequences doctrine no longer supplies accomplice liability to attempted murder." (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193.)

When Ramirez entered his plea in July 2021, the law remained unsettled as to the impact of Senate Bill No. 1437 on attempted murder, and Ramirez still could have been convicted of that offense pursuant to the natural and probable consequences doctrine. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456 [when "appellate decisions are in conflict" a "court exercising inferior jurisdiction can and must make a choice between the conflicting decisions"].) Therefore, we conclude the trial court erred by denying Remirez's petition based solely on the date of his plea.

5

Ramirez then argues to the extent the trial court denied his petition based on the preliminary hearing transcript, it was improper judicial factfinding at the prima facie stage.  We recognize that the trial court did not explicitly indicate in its order that it found Ramirez ineligible for relief on this basis.  We also note the People did not attach the preliminary hearing transcript in support of its response to Ramirez's petition for resentencing or to its motion for reconsideration.[4]

While this appeal was pending, our Supreme Court decided *People v. Patton* (2025) 17 Cal.5th 549, 600 (*Patton*), which held "that a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing."  Although the "'prima facie bar was intentionally and correctly set very low'" (*Lewis, supra*, 11 Cal.5th at p. 972), it is not on the floor.  A petitioner "confronting a record of conviction that demonstrates relief is unavailable ha[s] the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra*, at p. 607.)  A petitioner may satisfy this burden by, for instance, pointing to "specific facts that identify someone else as the direct perpetrator." (*Ibid.*)  "But absent specific facts, no such dispute arises, . . . from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion." (*Id.* at p. 608.)

_____

[4]     On appeal, the Attorney General does not assert that Ramirez's plea along with his codefendants' pleas (alone) are sufficient to deem him ineligible for relief as a matter of law.

6

The court in *Patton made* clear "there is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton, supra,* 17 Cal.5th at p. 608.) In *Patton,* as in the case at bar, the petitioner failed to make a prima facie showing because he "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction." (*Id.* at p. 609.) In light of the preliminary hearing transcript, the court held that the petitioner's "conclusory checkbox allegations alone could not create a factual dispute." (*Ibid.*) However, in response to the petitioner's belated request at oral argument, the court in *Patton* remanded the matter back to the superior court to permit the petitioner to plead additional facts.

After briefing was complete in this case, on March 6, 2025, Ramirez filed a new authority letter citing *Patton.* (Cal. Rules of Court, rule 8.254.) While the letter may not include any "argument or other discussion of the authority," we deem counsel's citation to *Patton* as a request to remand for the opportunity to plead additional facts. (See *id.,* rule 8.254(b).) Consistent with the disposition in *Patton* (and in an abundance of caution), we remand the matter to the trial court with directions for that court to consider an amended petition should Ramirez, within 30 days of that remand, seek to file one. We express no opinion on the viability of any additional facts Ramirez might allege in his amended petition.

Lastly, Ramirez contends, and the Attorney General agrees, there is an error in the abstract of judgment. The abstract erroneously reflects a conviction on count 5 for premeditated attempted murder rather than for simple attempted murder. We order this error corrected. (See *People v.*

*Mitchell* (2001) 26 Cal.4th 181, 185 [it is proper and important to correct errors and omissions in abstracts of judgment].)

## DISPOSITION

The matter is remanded to the trial court to consider an amended petition should Ramirez, within 30 days of that remand, seek to file one. The trial court's order denying the petition for resentencing is otherwise affirmed. The abstract of judgment is to be amended to correctly reflect a conviction for attempted murder, not premeditated attempted murder, on count 5. The clerk of the superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


COLLINS, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.